979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Betty REAVES, Petitioner
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 92-3251.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1992.
 
 Before PAULINE NEWMAN, PLAGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Betty Reaves appeals the award of the arbitrator sustaining her removal from the position of Nursing Assistant at the Department of Veterans Affairs (VA) Medical Center in Long Beach, FMCS No. 91-20444 (Dec. 20, 1991). We affirm.
 
 DISCUSSION
 
 2
 Reaves had been a Nursing Assistant at the VA Medical Center in Long Beach for ten years. On December 27, 1990 the VA proposed to remove Reaves for alleged patient abuse that occurred on December 24, 1990. The VA alleged that, after a disagreement with a staff nurse over which of the two was responsible for cleaning a patient's neck incision, Reaves scrubbed the patient's neck wound roughly and improperly, causing the patient pain, and then allowed hydrogen peroxide to flow from the patient's neck wound to his chest wound, potentially contaminating the second wound.
 
 
 3
 On April 1, 1991, the Director of the VA Medical Center at Long Beach decided to remove Reaves, effective April 19, 1991. Reaves initiated a grievance under the collective bargaining agreement on April 22, 1991, and on June 5 the Director sustained her removal. Reaves then invoked binding arbitration under 5 U.S.C. § 7121(b)(3)(C). On December 20, 1991 the Arbitrator upheld the removal. Reaves appealed the Arbitrator's award to this court.
 
 
 4
 We consider the Arbitrator's award according to the same standard of review as a decision from the Merit Systems Protection Board. 5 U.S.C. § 7121(f). That standard requires us to affirm the decision unless it is found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c)(1) & (3).
 
 
 5
 Reaves alleges that the Arbitrator's decision must be overturned because he (1) considered unfavorable testimony from nurse Eleanor Salazar that should have been discounted because Salazar had a personal vendetta against the petitioner, (2) relied on inconsistent testimony from patient David Naffziger, (3) failed to consider favorable testimony from Dr. Steven Becker, (4) disregarded petitioner's testimony and testimony of petitioner's character witness, and (5) improperly applied the agency's penalty guidelines and regulations.
 
 
 6
 Reaves' first four arguments deal with the Arbitrator's assessment of witness testimony. In his written opinion, the Arbitrator discussed the testimony of key witnesses, including petitioner, and explained why he found the testimony of respondent's witnesses to be more credible than petitioner's version of events. Credibility determinations are "virtually unreviewable." Hambsch v. Dept. of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). As to Reaves' claim that the arbitrator failed to consider other testimony, there is no reason to assume that the fact finder did not consider all the evidence presented unless he explicitly states otherwise. See Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906 (Fed.Cir.1986), cert. denied, 479 U.S. 931 (1986).
 
 
 7
 Reaves also argues that the Arbitrator wrongly applied the agency's Table of Penalties because he improperly considered a prior fourteen-day suspension for patient abuse that had occurred three years before, and because the present incident was not serious enough to warrant removal.
 
 
 8
 The Arbitrator noted in his opinion that even if there had been no prior incident in Reaves' record, this incident alone was serious enough to warrant removal. In any case, there would have been no problem with the Arbitrator's considering the prior suspension, even though it fell beyond the usual time limit, because that prior offense was serious or part of a pattern (of patient abuse). MP-5, Pt. I, Ch. 752, App. C-1 (Aug. 2, 1971).
 
 
 9
 A penalty can be overturned only when it is unauthorized or so harsh that it is an abuse of discretion. Schapansky v. Dept. of Transportation, FAA, 735 F.2d 477, 484 (Fed.Cir.1984), cert. denied, 469 U.S. 1018 (1984). The Arbitrator's decision was within his discretion. The agency's Table of Penalties authorizes removal for a first offense of patient abuse. MP-5, Pt. I, Ch. 752, App. C-2 (Aug. 2, 1971). The penalty was also not disproportionately harsh. Patient abuse is a serious offense that has led to removal in other cases. See, e.g. Harris v. Veterans Admin., 35 M.S.P.R. 70 (1987); Jablonski v. Veterans Admin., 13 M.S.P.R. 637 (1982); Talbott v. Veterans Admin., 11 M.S.P.R. 201 (1982).
 
 
 10
 We are satisfied that there is substantial evidence in the record to support the Arbitrator's award, and that Reaves has not shown the Arbitrator's decision to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. We therefore affirm.
 
 
 11
 No costs.